IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Gregory Ackers, | ) | C/A No. 3:13-1290-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| South Carolina Electric and Gas Company, *a subsidiary of SCANA Corporation*, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

  The plaintiff, Gregory Ackers ("Ackers"), who resides in California, filed this action against the defendant, South Carolina Electric and Gas Company ("SCE&G"), alleging that SCE&G violated various federal environmental statutes in connection with its operation of a power generation facility near the Wateree River in Richland County, South Carolina. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on SCE&G's motion to dismiss. (ECF No. 20.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Ackers of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 23.) Ackers filed a response in opposition (ECF No. 31) and SCE&G replied (ECF No. 32).[1] Having reviewed the parties' submissions and the applicable law, the court finds that the SCE&G's motion to dismiss should be granted.

---

[1] Also pending before the court is Ackers's motion for a jury trial. (ECF No. 34.)



## DISCUSSION

SCE&G correctly asserts that this matter must be dismissed because Ackers lacks standing to bring a justiciable case or controversy within the meaning of Article III of the United States Constitution. See Pye v. United States, 269 F.3d 459, 466 (4th Cir. 2001). To have standing to bring a claim, a plaintiff must have a "sufficient personal stake in the outcome of a dispute to render judicial resolution of it appropriate." Emery v. Roanoake City Sch. Bd., 432 F.3d 294, 298 (4th Cir. 2005) (internal quotation marks omitted). The United States Supreme Court has held that to satisfy the constitutional standing requirement, a plaintiff must demonstrate: (1) that he suffered an injury of fact, defined as an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection, which requires a "fairly traceable connection" between the plaintiff's injury and the conduct of which he complains; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

A generalized concern about environmental contamination is insufficient to establish standing. See Summers v. Earth Island Inst., 555 U.S. 488, 495-96 (2009) (holding that a recreational interest in national forests was insufficient to demonstrate injury from the sale of timber in Sequoia National Forest); Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990) (holding that recreational use and aesthetic enjoyment "in the vicinity" of an area opened to mining was insufficient to demonstrate injury); Pollack v. U.S. Dep't of Justice, 577 F.3d 736 (7th Cir. 2009) (holding that an interest in bird watching along an unspecified portion of the Great Lakes watershed was insufficient to demonstrate injury from activities in North Chicago); cf. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167 (2000) (finding sufficient injury where plaintiff stated

that she lived two miles from the river at issue and had picknicked, walked, watched birds, and waded in the river before the pollution but had ceased such those activity after the contamination). Thus, Ackers's contention that he is an "outdoor recreationalist who drinks water" is insufficient. (Pl.'s Mem. Opp'n Def.'s Mot. Dismiss at 2, ECF No. 31 at 2.)

Similarly, Ackers, a California resident, alleges facts indicating only a generalized concern that as a federal taxpayer he may have to fund speculative maintenance and cleanup activities stemming from the activities at Wateree Station. Such wholly speculative and generalized concerns do not establish the requisite injury in fact. See Hein v. Freedom from Religion Foundation, Inc., 551 U.S. 587 (2007) (holding that taxpayers do not have the right to challenge the constitutionality of executive branch expenditures); Warth v. Seldin, 422 U.S. 490 (1975) (holding that taxpayers must establish "distinct and palpable" injury as opposed to a generalized and undifferentiated one).

Further, to the extent that Ackers's Complaint attempts to assert a claim under the False Claims Act, 31 U.S.C. §§ 3729 et seq., the factual averments fail to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 667-68 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### RECOMMENDATION

Because Ackers lacks standing and fails to state a plausible claim for relief, the court recommends that the defendant's motion (ECF No. 20) be granted and any other pending motions be terminated (ECF No. 34).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 20, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).